IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **CHARLIE J. ALLUMS AND TERESA ALLUMS** § § §<br>        Plaintiffs, § §<br>VS. § §<br> § **CIVIL ACTION NO. 3:17-cv-65**<br>**HAMMONIA EMDEN** §<br>**SCHIFFAHRTS GMBH & CO. KG;** § **[JURY]**<br>**HAMMONIA REEDEREI GMBH &** §<br>**CO. KG.; AND MEDITERRANEAN** §<br>**SHIPPING COMPANY, S.A.** §<br>        Defendants § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW, CHARLIE J. ALLUMS** and **TERESA ALLUMS**, (hereinafter referred to as "Plaintiffs"), complaining of **HAMMONIA EMDEN SCHIFFAHRTS GMBH & CO. KG, HAMMONIA REEDEREI GMBH & CO. KG,** and **MEDITERRANEAN SHIPPING COMPANY, S.A.,** *IN PERSONAM***,** (hereinafter referred to collectively as "Defendants"), and, for cause of action would respectfully show the Court as follows:

**I.**
**JURISDICTION AND VENUE**

1.01   This case is brought within the diversity jurisdiction of this Court; the amount in controversy exceeds $75,000.00 USD, Plaintiffs are domiciled within this District, and Defendants are foreign entities for purposes of citizenship. 28 U.S.C. § 1332.

1.02    Specifically, this action is brought "at law" pursuant to the "savings to suitors" clause set forth in 28 U.S.C. § 1333(1), general maritime law, and 33 U.S.C. §§ 905(b) and 933 of the Longshore and Harbor Workers' Compensation Act.

1.03    Venue is proper because Plaintiff was injured on the **M/V HAMMONIA EMDEN** while the vessel was alongside a dock within this District.

## II.
## PARTIES

2.01    Plaintiff, **CHARLIE J. ALLUMS and TERESA ALLUMS** are individuals who reside in Freeport, Brazoria County, Texas.  **CHARLIE J. ALLUMS** is a longshoreman employed by Ceres Gulf, Inc. ("Ceres").

2.02    Defendant *in personam*, **HAMMONIA EMDEN SCHIFFAHRTS GMBH & CO. KG ("HAMMONIA EMDEN")**, is a foreign entity duly organized, created and existing pursuant the laws of some other country or countries.  **HAMMONIA EMDEN** is the reported registered owner of the **M/V HAMMONIA EMDEN** and is subject to the Court's general and specific jurisdiction; **HAMMONIA EMDEN** has substantial and/or continuous and systematic activities with the United States - including the Southern District of Texas - and its negligence directly caused Plaintiff's injury within this District.  **HAMMONIA EMDEN** is a non-resident as that term is used in subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code, but has not designated or maintained a resident agent in Texas.  Accordingly, serving **HAMMONIA EMDEN** with a summons is effective to establish personal jurisdiction over it.  **HAMMONIA EMDEN** has been served with process through Fed. R. Civ. P. 4(k)(2) and/or 4(h)(1), or through the Texas

2

Secretary of State, and has filed an Answer to Plaintiffs' Original Complaint; therefore, service of the Plaintiffs' Amended Complaint will be accomplished through counsel.

2.03   Defendant *in personam*, **HAMMONIA REEDEREI GMBH & CO. KG** ("**HAMMONIA REEDEREI**"), is a foreign entity duly organized, created and existing pursuant the laws of some other country or countries.  **HAMMONIA REEDEREI** is the reported ship manager and/or operator of the **M/V HAMMONIA EMDEN** and is subject to the Court's general and specific jurisdiction; **HAMMONIA REEDEREI** has substantial and/or continuous and systematic activities with the United States - including the Southern District of Texas - and its negligence directly caused Plaintiff's injury in this District. **HAMMONIA REEDEREI** is a non-resident as that term is used in subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code, but has not designated or maintained a resident agent in Texas.  Accordingly, serving **HAMMONIA REEDEREI** with a summons is effective to establish personal jurisdiction over it.  **HAMMONIA REEDEREI** has been served and has filed an Answer to Plaintiffs' Original Complaint; therefore, service of the Plaintiffs' Amended Complaint will be accomplished through counsel.

2.04   Defendant *in personam*, **MEDITERRANEAN SHIPPING COMPANY, S.A.** ("**MSC**"), is a foreign entity duly organized, created and existing pursuant to the laws of some other country or countries. MSC was the reported charterer of the M/V HAMMONIA EMDEN on November 7, 2014, the day Plaintiff **CHARLIE J. ALLUMS** sustained injuries while working on the vessel, and is subject to the Court's general and specific jurisdiction; **MSC** has substantial and/or continuous and systematic activities

within the United States – including the Southern District of Texas – and its negligence directly caused Plaintiff's injury in this District. **MSC** is a non-resident as that phrase is used in subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code, but has not designated or maintained a resident agent in Texas. Accordingly, serving MSC with a summons is effective to establish personal jurisdiction over it. MSC may be served with citation and process through its registered agent, Mediterranean Shipping Company (USA), Inc., 420 5th Ave., 8th Floor, New York, NY 10018-2702.

### III.
### FACTS

3.01   The Plaintiff would show that on or about November 7, 2014 Plaintiff, **CHARLIE J. ALLUMS** was employed as a longshoreman working aboard the vessel M/V Hammonia Emden, said vessel was in navigable waters and the same was docked in the Port of Freeport, Freeport, Texas.   Defendants **HAMMONIA EMDEN, HAMMONIA REEDEREI,** and **MSC** were operating the M/V Hammonia Emden a motor vessel in the open seas and calling upon various ports including the Port of Freeport, Texas.  Plaintiff would show that at all times relevant and material hereto, this vessel was owned and operated and/or chartered and managed by Defendants **HAMMONIA EMDEN, HAMMONIA REEDEREI**, and **MSC** said Defendants being engaged in the business of owning and/or operating and/or managing a fleet of cargo vessels which call upon various ports including the Port of Freeport, Texas.

3.02   On or about November 7, 2014, while the M/V Hammonia Emden was docked alongside Port of Freeport, Freeport, Texas, the Defendants through its duly

4

authorized agents, permitted and invited employees of **CERES**, including the Plaintiff to board the vessel M/V Hammonia Emden and perform work. The Plaintiff was employed aboard the M/V Hammonia Emden as a longshoreman on behalf of Ceres. While in the performance of his duties, the Plaintiff was walking and stepped on an elevated lashing platform when it collapsed, causing the Plaintiff to fall, and thereby to sustain serious and traumatic injuries.

3.03 The walkway grate was in a dangerous/defective condition as it was severely rusted, and the hinges were broken, missing and poorly maintained and/or improperly repaired, resulting in the incident made the basis of this suit. The Plaintiff **CHARLIE J. ALLUMS** sustained serious injuries to his legs, groin, lumbar spine and cervical spine as a direct result of falling in this incident.

## IV.
## CAUSES OF ACTION

4.01 Defendants **HAMMONIA EMDEN, HAMMONIA REEDEREI,** and **MSC** were in charge and/or had substantial control over the **M/V HAMMONIA EMDEN** and its equipment prior to turn-over to Ceres for stevedoring operations, and breeched their duty to the Plaintiff and other longshoreman by failing to warn and/or prevent the risk posed by the rusted, dangerous, defective condition of the elevated lashing platform, which either was known or should have been known to them through the exercise of reasonable care. As a result, Plaintiff was caused to encounter the unknown and unanticipated hazard/dangerous condition while working in the normal course of cargo operations.

4.02     Plaintiff would show that the encountered dangerous condition is indicative and a result of the fact that the **M/V HAMMONIA EMDEN's** equipment was non-compliant, unsafe and/or unreasonably dangerous; as the result of and/or attributable to this lack of maintenance; non-conduction of inspections and replacement; not adhering to industry specifications, guidelines, standards and best practices of the industry; and/or inadequate monitoring and training.

4.03     Defendants are liable for this incident and the Plaintiff's injuries by reason of their negligence and the vessel's conditions attributable to them, directly and/or vicariously, by and through their agent, representatives, agents, crew, officers and/or employees.

4.04     Accordingly, Defendants **HAMMONIA EMDEN, HAMMONIA REEDEREI,** and **MSC** are each in violation of certain industry standards and/or regulations for non-compliance with related certification, maintenance, repair, and/or inspection procedures; and otherwise liable to the Plaintiff, both jointly and severely, for failing to warn Plaintiff and/or preventing others from encountering the unknown hazard of the elevated lashing platform of the **M/V HAMMONIA EMDEN**.  Specifically, Defendants failed to discharge the duties prescribed by 33 U.S.C. § 905 (b) in one or more of the following particulars:

a. improperly avoiding the costs of inspection, maintenance, repair and/or replacement of the elevated lashing platform in question;

b. failing to intervene and correct conditions or situations that they knew posed an unreasonable risk of harm, which they could not rely on the Plaintiff or other
longshoremen to discover or correct;

6

    c.      failing to properly supervise, train, and/or crew and man the vessel;

    d.      failing to warn Plaintiff of the harm encountered from the conditions, situations or hazards which the Defendants were actively and constructively involved in creating and allowing to exist;

    e.      failing to comply with certain safety standards, statutes, regulations, and policies and procedures designed to prevent incidents of this sort;

    f.      in failing to warn Plaintiff and/or Ceres by whom the Plaintiff was employed, of the dangerous condition of the elevated lashing platform, which constituted a hidden danger to the Plaintiff;

    g.      in failing to adequately and/or timely repair the elevated lashing platform;

    h.      in failing to turn over a safe ship so Plaintiff could perform his duties in a safe manner;

    i.      in failing to have the vessel's gear, walkways, and elevated lashing platform in proper and safe condition;

    j.      in failing to properly maintain the vessel's elevated lashing platform;

    k.      in failing to properly inspect the vessel to discover this dangerous/defective condition;

    l.      in failing to have proper procedures in place for the proper maintenance, repair and inspection of the vessel, including the vessel's elevated lashing platform;

    m.      other acts so deemed negligent, particulars to be shown at a trial of this cause.

4.05   Plaintiff would show that each of the foregoing acts and/or omissions, individually or collectively, and/or through their agents, servants, officers, crew, and/or employees', in the course and scope of their employment or agency, constituted negligence, which was a contributing and/or proximate cause of the Plaintiff's injuries and damages complained in thereof.

4.06    Plaintiff would show the accident in question resulted from the negligence of the Defendants, **HAMMONIA EMDEN, HAMMONIA REEDEREI,** and **MSC**, and through no fault of his own.

## V.
## JURY DEMAND

5.01    Plaintiff respectfully demands a jury.

## VI.
## DAMAGES

6.01    As a result of the foregoing occurrences, Plaintiffs sustained severe and permanent injuries to his neck, low back, head, legs, groin and other parts of his body, causing him to experience physical pain, discomfort, distress, and other medical problems, that in all reasonably probability, will continue indefinitely.

6.02    These occurrences and injuries occurred as a proximate results of the negligence, lack of attention, and intentional and/or reckless acts on the part of the Defendants, their agents, servants, officers, crew and/or employees acting in the course and scope of their employment agency.

6.03    In addition to his incapacity to labor/work caused by his injuries, the Plaintiff, **CHARLIE J. ALLUMS** has been put to great cost for treatment; such expenses are ongoing and is unable to state the full amount, however, currently he has paid and/or incurred approximately $158,331.21 for the cost of his medical care.  In addition, the Plaintiff itemizes his damages as follows:

(n)    Loss wages, past and future;

(o)    Medical care, past and future;

  (p)  Physical pain and suffering, past and future;

  (q)  Permanent physical impairment;

  (r)  Disability and loss of enjoyment of life.

 6.04 Further, as the result of the incident made the basis of this suit, Plaintiff, **CHARLIE J. ALLUMS**, suffered lost wages in the past while he was undergoing medical treatment and rehabilitation, and Plaintiff will in all probability continue to suffer a loss of wages and/or loss of wage earning capacity in the future, for all of which he hereby sues.

 6.05 As a result of the injuries suffered in the incident made the basis of this suit, Plaintiff, **CHARLIE J. ALLUMS**, now has certain physical impairments, disabilities and restrictions which prevent him in engaging in activities, that he was able to enjoy prior to the accident.  He has also suffered serious disfigurement as a result of these injuries.  Plaintiff hereby sues for the loss of the pleasures of life, permanent physical impairment and disfigurement caused by the negligence of the Defendants in the past and in the future, as a result of the incident made the basis of this suit, and as allowed by law, in the approximate amount of $1,000,000.00 (**ONE MILLION DOLLARS**).

 6.06 Additionally, as a result of his serious and traumatic injuries, the Plaintiff, **CHARLIE J. ALLUMS** has endured excruciating pain and suffering in the past, and will continue to experience such into the indefinite future, and has been caused to suffer mental anguish both in the past and in the future; all a direct and proximate result of the negligence of the Defendants, for which he hereby sues in the approximate amount of $500,000.00 (**FIVE HUNDRED THOUSAND DOLLARS**).

## VII.

7.01   As result of the occurrence made the basis of this suit and the injury to the Plaintiff, **CHARLIE J. ALLUMS**, his spouse, namely, **TERESA ALLUMS**, has suffered damages in the form of loss of society and loss of consortium and hereby states her own claim for damages as a result of the negligence of the Defendants herein, and in addition to the damages stated by her husband, **CHARLIE J. ALLUMS**, for which she hereby sues.

## VIII.

8.01   Plaintiff respectfully pleads the doctrine of res ipsa loquitur and all facts, laws, and legal assumptions which arise from the fact that the Defendants were exclusive control of the instrumentality causing the accident and damages he referred to above, and the incident described herein, is the type of casualty which would not have occurred in the absence of fault and negligence by the Defendants.

## IX.

9.01   Plaintiff also alleges that Defendants were grossly negligent in their actions demonstrating a complete disregard for the safety and welfare of the Plaintiff, for which he hereby sues in the amount of $500,000.00 (**FIVE HUNDRED THOUSAND DOLLARS**).

## X.
## PRESERVATION OF EVIDENCE

10.01 Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence to any claim or defense related to the incident made the basis of this

lawsuit, or the damages resulting therefore including, but not limited to: statements, photographs, videotapes, recordings, business records, maintenance records, repair records, logs, correspondence, emails, memorandums, files, faxes, any electronic images or messages.  Plaintiff hereby requests that you preserve and not repair or alter in any way the walkway and walkway grate at the site of Plaintiff's injury so as to allow the Plaintiff to inspect and photograph the walkway and walkway grate prior to any repair or alteration.  Failure to maintain such items and the condition of the premises/site of incident will constitute a "spoliation" of evidence.

## XI.
## INTEREST

11.01  Plaintiffs seeks pre-judgment and post-judgment interest as allowed by law.

## XII.
## PRAYER

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiffs pray:

a. That process be issued against Defendants citing each to appear and answer, all and singular, the matters aforesaid;

b. That a judgment may be entered in favor of Plaintiff against Defendants for the amount of his claims to be determined;

c. That upon final hearing, Plaintiff have judgment against Defendants named herein, both jointly and severally;

d. That Plaintiffs have pre-judgment and post-judgment interest and all costs of the Court;

e. That this Honorable Court grant Plaintiff a Trial by Jury; and

f. That Plaintiffs may have such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause.

Respectfully Submitted,

**DENNIS L. BROWN, P.C.**

:/s  Dennis L. Brown
**DENNIS L. BROWN**
State Bar No. 03112650
6750 West Loop South, Ste. 900
Bellaire, Texas  77401
(713) 623-8999 Telephone
(713) 623-0756 Facsimile
**ATTORNEY FOR PLAINTIFF**