IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CHARLIE J. ALLUMS AND TERESA ALLUMS            Plaintiffs, | § § § § |
| VS. | § § |
| HAMMONIA EMDEN SCHIFFAHRTS GMBH & CO. KG; AND HAMMONIA REEDEREI GMBH & CO. KG.            Defendants | § § § § § § § |

CIVIL ACTION NO. 3:17-cv-65

[JURY]

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ADD NEW PARTY AND FILE FIRST AMENDED COMPLAINT

COME NOW Defendants MS "Hammonia Emden" Schiffahrts GmbH & Co. KG ("HES") and Hammonia Reederei GmbH & Co. KG ("HRG" and collectively with HES, "Hammonia"), and file their response in opposition to Plaintiffs' Motion to Add Defendant Mediterranean Shipping Company, S.A. and File Plaintiffs' First Amended Complaint, and respectfully show the Court as follows:

### I.
### LEGAL STANDARD TO DENY AMENDMENT

1.      Although Federal Rule of Civil Procedure 15(a)(2) states leave to amend should be freely given "when justice so requires," a district court may deny amendment for numerous reasons, including "undue delay, bad faith or dilatory motive on the part of the movant… or futility of a proposed amendment." *S.N.B v. Pearland Indep. Sch. Dist.*, 120 F. Supp. 3d 620, 633 (S.D. Tex. 2014) (quoting *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). As more fully explained

1

below, Plaintiff's proposed amendment is futile because: it is based on the factual allegations wholly unrelated to the underlying incident; and the critical inquiry is the alleged condition of the M/V HAMMONIA EMDEN (the "Vessel") and not the alleged actions or omissions of the time charterer.

## II.
## PLAINTIFF'S PROPOSED AMENDMENT IS FUTILE

2. Plaintiffs originally brought suit against Hammonia under Section 905(b) of the Longshore and Harborworkers Compensation Act for alleged personal injuries suffered by Charlie Allums. [*See* Doc. 1]. Plaintiffs claim such injuries were caused by an allegedly unreasonably dangerous condition of the Vessel—a hinged grating walkway on which Charlie Allums was walking. [*Id.* at ¶¶ 3.01-3.03].

3. On October 25, 2017 Plaintiffs moved for leave to add Mediterranean Shipping Company, S.A. ("MSC") as a defendant in this lawsuit. [Doc. 14]. Plaintiffs correctly stated MSC was the time charterer of the Vessel at the time of the incident, by virtue of a charterparty[1] between MSC and HES. [*Id.* at ¶ 2]. Plaintiffs then allege MSC "may have been involved in selecting the personnel involved in the welding operations and lowering of a fuel can that led to the Plaintiff Charlie J. Allums' injuries." [*Id.* at ¶6].

### a. Plaintiffs seek to add MSC based on wholly unrelated facts

4. The welding and fuel can allegations, which serve as the basis for Plaintiffs' Amended Complaint, bear no connection to the instant lawsuit. Indeed,

---

[1] Hammonia produced the charterparty to Plaintiffs during written discovery, subject to a confidentiality agreement with Plaintiffs by which it, and other confidential documents would not be disclosed to third parties, and only filed under sealed pleadings, if at all. Hammonia notes the Court's November 14, 2017 Order which seals Exhibit C to Plaintiff's motion from the public record.

2

Plaintiffs' proposed First Amended Complaint makes no allegations concerning welding operations or a fuel can.  [*See* Doc. 15].  Moreover, the proposed First Amended Complaint recites identical factual allegations as the Original Complaint—that an allegedly dangerous or defective condition on a grating walkway on the Vessel was causative of Plaintiffs' alleged injuries.  [*Compare* Doc. 1 at ¶¶ 3.01-3.03, *with* Doc. 15 at ¶¶ 3.01-3.03].

5.  To add MSC to this lawsuit based on an unrelated and hypothetical scenario is akin to joining a defendant against whom no factual allegations have been made, and thus is futile.  While the welding allegations in Plaintiff's Motion may relate to some other claim or some other longshoreman, they do not relate to the facts of Plaintiffs' claim here.  Accordingly, Plaintiff's Motion should be denied.

### b. The critical issue here the condition of the Vessel

6.  On their face, the allegations in the Original Complaint and proposed First Amended Complaint are clear that the condition of the Vessel the critical inquiry.  The actions or omissions of the time charterer, whose connection to the Vessel is contractual, are not brought into issue by Plaintiffs' claims as pleaded.

7.  Indeed, the confidential charterparty provides in part that HES shall keep the Vessel in a thoroughly efficient state for and during the service to MSC.  Elsewhere, the confidential charterparty generally states cargo operations are to be performed under the supervision and responsibility of the captain, who is appointed by HES. Thus, the confidential document on which Plaintiffs base their Motion to Amend, also contemplates that matters relating to the condition of the Vessel are issues for HES primarily.

8. Plaintiffs seek recovery for injuries allegedly caused by a condition of the Vessel, and not for some action or omission particularly attributable to MSC. Plaintiffs' proposed First Amended Complaint adds MSC to the existing allegations but does not state a new theory of liability towards MSC. Therefore, Plaintiffs should not be permitted to amend their complaint.

### III.
### PRAYER

WHEREFORE, PRESMISES CONSIDERED, Defendants MS "Hammonia Emden" Schiffahrts GmbH & Co. KG and Hammonia Reederei GmbH & Co. KG pray that the Court deny Plaintiffs' Motion to add Defendant Mediterranean Shipping Company, S.A. and File Plaintiffs' First Amended Complaint; strike Plaintiffs' First Amended Complaint from the record; and further grant Defendants whatever further relief to which they may be entitled.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: */s Andrew R. Nash*
David R. Walker
State Bar No. 20696800
S.D. Tex. ID No. 2827
*david.walker@roystonlaw.com*
Andrew R. Nash
State Bar No. 24083550
S.D. Tex. ID No. 1690806
*andrew.nash@roystonlaw.com*
1600 Smith, Suite 5000
Houston, Texas 77002
(713) 224-8380 – Telephone
(713) 225-9945 – Facsimile

**ATTORNEYS FOR DEFENDANTS, MS "HAMMONIA EMDEN" SCHIFFAHRTS GMBH & CO. KG, and HAMMONIA REEDEREI GMBH & CO. KG**

## CERTIFICATE OF SERVICE

I certify that on this the 15th day of November, 2017, a true and correct copy of the foregoing was served upon the following counsel by either ECF, certified mail, return receipt requested and/or via facsimile

Dennis L. Brown
DENNIS L. BROWN, P.C.
6750 West Loop South, Suite 900
Bellaire, Texas 77401

>                 */s Andrew R. Nash*
> Of Royston Rayzor Vickery & Williams, LLP