Case 3:17-cv-00065   Document 19   Filed in TXSD on 12/18/17   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 18, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLIE J ALLUMS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-65 |
| | § | |
| HAMMONIA EMDEN SCHIFFAHRTS | § | |
| GMBH & CO. KG, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff Charlie Allums is a longshoreman employed by Ceres Gulf, Inc. Plaintiff Theresa Allums is his wife. Plaintiffs allege that Charlie Allums was injured while working as a longshoreman aboard the M/V Hammonia Emden when an elevated walkway collapsed. Plaintiffs' complaint names the M/V Hammonia Emden as well as Defendants Hammonia Emden and Hammonia Reederei ("the Hammonia Defendants"), and asserts claims for negligence and gross negligence. Dkt. 2.

On June 28, 2017, this Court entered a docket control order setting an August 25, 2017 deadline for motions to amend pleadings and an October 25, 2017 deadline for motions to add new parties. Dkt. 9.

On October 25, 2017, Plaintiffs filed a motion seeking to add a new party to this lawsuit--Mediterranean Shipping Company, S.A. ("MSC"). Dkt. 14. Plaintiffs' motion alleges that MSC was the time charterer of the M/V Hammonia Emden on the day Allums was injured, and Plaintiffs therefore seek to add MSC as a Defendant on the grounds that MSC "may have been involved in work performed that led to the Plaintiff's

injury." The Hammonia Defendants oppose the relief sought, alleging that it would be futile to add this new Defendant because the duties owed by a time charterer to longshorment are limited as a matter of law. (Dkt. 18). Plaintiffs also filed an amended complaint, Dkt. 15, even though they did not file a motion and even though the time for amendment had passed. That amended complaint includes allegations against MSC, even though the motion to add new parties had not yet been granted.

In an effort to conserve judicial resources, even though Plaintiffs have failed to comply with the docket control order, the Local Rules for the Southern District of Texas, this Court's Procedures, and the Federal Rules of Civil Procedure, the Court will construe their filing of an amended complaint as a motion to amend.

Now, the Court turns to both the motion to amend and the motion to add a new party, reviewing them under the standards set out in cases such as *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000), which directs this Court to review the proposed amendments and addition of new parties under the same standards as a motion under Federal Rule 12(b)(6). Examining the allegations in the Amended Complaint against the time charter agreement and the arguments made by the Hammonia Defendants, the Court is indeed skeptical as to whether Plaintiffs will be able to sustain a cause of action against MSC.[1] But, given this early stage in the case and the allegations

---

[1] A vessel owner's duties to a longshoreman are limited as a matter of law. *Robinson v. Orient Marine Co.*, 505 F.3d 364, 365 (5th Cir. 2007). And a time charterer's duties to a longshoreman are even more circumscribed. *See Hudson v. Schlumberger Tech. Corp.,* 453 Fed. App'x 528 (5th Cir. 2011) ("[A]part from the charter agreement, a time charterer will only be liable for its responsibilities in relation to its sphere of control over the commercial activities of the vessel—*e.g.* designating cargo placement, travel destination, subjecting the vessel to treacherous conditions, and the time frame in which the vessel will perform its assignment—rather than the condition of the vessel under control of the vessel owner.").

made in the Amended Complaint, the Court cannot say that such a claim is "futile" under the applicable authorities at this point in time. Accordingly, the motion to amend is **GRANTED**, and the motion to add MSC as a Defendant is **GRANTED**.

SIGNED at Galveston, Texas, this 18th day of December, 2017.

_____
George C. Hanks Jr.
United States District Judge

---

Nonetheless, the Court finds that the Amended Complaint contains allegations that, at this stage, are sufficient to plausibly plead a legal claim against MSC, even if those claims ultimately do not survive further factual development in this case.